UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE AMERICAN COAL SALES CO., | : | |
| | : | |
| Plaintiff, | : | Case No.: 2:06-CV-0094 |
| | : | |
| v. | : | Judge Holschuh |
| | : | |
| NOVA SCOTIA POWER, INC., | : | Magistrate Judge Abel |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF ALLISON DONNELLY**

Plaintiff, The American Coal Sales Company ("ACSC"), hereby moves the Court to strike the affidavit of Allison Donnelly, attached as Exhibit 3 to Defendant's Reply Brief in Support of its Motion for Summary Judgment filed herein on October 22, 2007. The reasons for this Motion are more fully set forth in the Memorandum in Support attached hereto.

Respectfully submitted,
DINSMORE & SHOHL LLP


/s/ William M. Mattes
William M. Mattes (0040465)
Adam R. Todd (0077284)
175 South Third Street, 10th Floor
Columbus, OH 43215
Telephone: (614) 628-6880
Facsimile: (614) 628-6890
Email: bill.mattes@dinslaw.com
      adam.todd@dinslaw.com

    and

John E. Jevicky (0012702)
1900 Chemed Center, 255 E. Fifth Street
Cincinnati, Ohio 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141
Email: john.jevicky@dinslaw.com
*Attorneys for Plaintiff*

**MEMORANDUM IN SUPPORT**

I. <u>FACTS RELEVANT TO THIS MOTION</u>

This action arose out of Defendant's breach of contract. Plaintiff, The American Coal Sales Company ("ACSC"), entered into a written agreement (the "Contract") with Defendant, Nova Scotia Power, Inc. ("NSPI"), to sell coal in multiple shipments through the port of Baltimore. The Contract was an integrated agreement, which provided that the entire agreement was represented in writing. (Contract, ¶ 1) ACSC declared force majeure and was unable to deliver a portion of the coal due to an inability to transport the same in January and February of 2005.

A year after ACSC's declaration of force majeure, and after four other shipments of coal, NSPI provided notice that it had purchased coal to replace what ACSC was unable to deliver a year earlier. NSPI subtracted the alleged cost of the replacement coal from the amount it owed ACSC on the invoice for the final shipment of coal made by ACSC.

NSPI filed its Motion for Summary Judgment on September 17, 2007. Therein, NSPI alleged that an attachment to the Contract, the "Load Port Terms," required ACSC to schedule make up loadings for the coal it was unable to deliver. ACSC timely filed a brief in opposition to NSPI's Motion for Summary Judgment on October 11, 2007. NSPI filed a Reply in support of its Motion for Summary Judgment on October 22, 2007. Attached as "Exhibit 3" to NSPI's Reply was an affidavit of an NSPI employee, Allison Donnelly. In the affidavit, Ms. Donnelly testified about her beliefs and her employer's intentions at the time the Contract was executed. (See Donnelly Aff., generally.) This evidence was not presented with NSPI's Motion for Summary Judgment. ACSC did not offer any evidence about the parties' intentions at the time of execution of the Contract in its opposition to NSPI's Motion for Summary Judgment. (See, generally, ACSC's Memorandum in Opposition to NSPI's Motion for Summary Judgment filed herein on October 11, 2007.)

2

Ms. Donnelly testified in her affidavit that, based on the drafting of the Contract and subsequent negotiations with ACSC, NSPI believed and understood the attachment to the Contract, the "Load Port Terms," controlled in the event of a force majeure. (Donnelly Aff. ¶¶ 3-4.) In contrast, at deposition, Ms. Donnelly remembered very little regarding the contract negotiations. She testified that she could not remember, even generally, discussions she had with ACSC employees. (Dep. Donnelly, p. 52.) She testified that she did not have any general knowledge of the Contract other than by looking at the Contract itself. (Dep. Donnelly, p. 53, lines 18-22.)

In fact, Ms. Donnelly testified that she did not remember any specifics about the Contract at issue because she negotiated many contracts during that time period. She testified that the facts surrounding each blended together. The relevant testimony is quoted below:

Q. Fair enough. I take it you negotiate a lot of contracts on a yearly basis.

MR. MOLLOY

Form.

BY MS. DONNELLY

A. In that period we were speaking of from June until February of '05 -- June '04 to February '05, yes.

Q. Okay. And they all kind of blend together?

A. They do.

Q. Does anything else about this contract negotiation stick out in your mind that we haven't already discussed today?

A. No.

Dep. Donnelly, p. 54, lines 8-20.

Ms. Donnelly's affidavit contradicted her prior deposition testimony, and, by filing her affidavit, NSPI impermissibly presented new evidence in its reply brief. The affidavit also attempts

3

to present evidence that is outside the written agreement and irrelevant to the provisions of the Contract. Therefore, ACSC requests that the Court strike Ms. Donnelly's affidavit.

II. LAW AND ARGUMENT

Ms. Donnelly's affidavit should be stricken for three reasons. First, the testimony in Ms. Donnelly's affidavit is inconsistent with her prior deposition testimony. Second, the affidavit contains new evidence that Defendant should have presented with its primary memorandum, its Motion for Summary Judgment. Finally, the Contract at issue was a fully-integrated agreement and any extrinsic evidence or what Ms. Donnelly thought may not be considered by this Court. For the reasons that follow, the Court should strike Ms. Donnelly's affidavit.

A. The Affidavit of Allison Donnelly Should be Stricken Because her Affidavit is Contrary to her Deposition Testimony.

A post-deposition affidavit submitted at the summary judgment stage that contradicts the witness's sworn deposition testimony should be stricken unless the party offering the affidavit provides a persuasive justification for the contradiction. *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 906-908 (C.A.6 Ohio,2006). *See also Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986); *Harrington v. Ohio Wesleyan Univ.*, 2007 U.S. Dist. LEXIS 61795 (S.D.Ohio 2007); *Phillips v. Tradesmen Int'l, Inc.*, 2006 U.S. Dist. LEXIS 73396 (S.D.Ohio 2006). This Court should strike Ms. Donnelly's affidavit because it contradicts her deposition testimony. At deposition, Ms. Donnelly testified that she could not remember negotiating the Contract or any specific discussions she had with ACSC employees regarding the provisions of the contract. (Dep. Donnelly, p. 52.) In contrast, in her affidavit, she states that she has a specific recollection of her understanding and her company's intentions.

Ms. Donnelly's affidavit is an obvious attempt to manufacture evidence to support NSPI's legal argument in its Motion for Summary Judgment. Contrary to the requirement the court cited in

*Aerel*, NSPI did not provide a "persuasive justification" for Ms. Donnelly's contradictory statements. In fact, NSPI did not even attempt to offer any reason for the changed testimony. Ms. Donnelly's new testimony directly contradicts her deposition testimony, is not credible and it must be stricken.

B.  <u>The Affidavit of Allison Donnelly Should be Stricken Because it Impermissibly Introduces New Evidence that Should Have Been Presented with Defendant's Motion for Summary Judgment.</u>

The Local Rules of this Court mandate that new evidence must not be submitted with a reply brief. All evidence supporting motions should be submitted in the party's primary memorandum. The Rules state:

> Evidence Supporting Motions-Deadlines. When proof of facts not already of record is necessary to support or oppose a motion, all evidence then available shall be discussed in, and submitted no later than, the primary memorandum of the party relying upon such evidence. Evidence used to support a reply memorandum shall be limited to that needed to rebut the positions argued in memoranda in opposition.

S.D. Ohio Civ. R. 7.2(d).

An affidavit presented with a movant's reply brief to explain the contract's terms is appropriate under Rule 7.2(d) only if it is limited to facts intended to rebut specific allegations made in opposition to summary judgment. *Brantley v. Cinergy Corp.*, No. C-1-01-378, 2006 WL 314494, S.D.Ohio (Feb. 9, 2006, unreported). In *Brantley*, this Court struck an affidavit submitted with a reply brief because it was not submitted to rebut any of the opponent's allegations. *Id*. The Court found that it was new evidence that should have been submitted with the party's first brief. *Id.* The Court reasoned, "the Court may allow Cinergy's submission if—as Local Rule 7.2(d) requires—it is limited to facts intended to rebut Plaintiffs' specific allegations in opposition to summary judgment." *Id*. at *2.

The purpose of Rule 7.2(d) is to "prevent the moving party from springing new facts on the nonmoving party when it is too late to contest them." *Owner-Operator Indep. Drivers Ass'n v. Arctic*

5

*Express, Inc.*, 288 F.Supp.2d 895, 903 (S.D.Ohio 2003) (interpreting both Federal Rule of Procedure 6 and the predecessor to Local Rule 7.2(d)) (citing *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 476 (6th Cir.2002)).

In the instant case, Ms. Donnelly's affidavit, in addition to changing her deposition testimony, attempts to present new evidence—i.e., it purports to show the intent of Defendant at the time the Contract was entered into. This evidence should have been presented with Defendant's Motion for Summary Judgment, not with its reply. Defendant must not be permitted to spring new facts on Plaintiff when it is too late to contest them. Thus, Ms. Donnelly's affidavit should be stricken.

C. <u>The Affidavit of Allison Donnelly Should Be Stricken Because the Contract is an Integrated Agreement.</u>

The first paragraph of the Contract provides: "This purchase order represents the entire agreement between Buyer and Seller and is a binding contract upon the terms and conditions herein set forth. * * * " Thus, the parties clearly intended the Contract to represent the entire agreement between them.

As the Supreme Court of Ohio recently explained,

> The parol-evidence rule is a principle of common law providing that "a writing intended by the parties to be a final embodiment of their agreement cannot be modified by evidence of earlier or contemporaneous agreements that might add to, vary, or contradict the writing." Black's Law Dictionary (8th Ed.2004) 1149; see, also, *Galmish v. Cicchini* (2000), 90 Ohio St.3d 22, 26, 734 N.E.2d 782, quoting 11 Williston on Contracts (4th Ed.1999) 569-570, Section 33:4. The rule "operates to prevent a party from introducing extrinsic evidence of negotiations that occurred before or while the agreement was being reduced to its final written form," Black's Law Dictionary at 1149; see, also, *Ed Schory & Sons, Inc. v. Francis* (1996), 75 Ohio St.3d 433, 440, 662 N.E.2d 1074, and it "assumes that the formal writing reflects the parties' minds at a point of maximum resolution and, hence, that duties and restrictions that do not appear in the written document * * * were not intended by the parties to survive." Black's Law Dictionary at 1150.

*Bellman v. Am. Internatl. Group*, 113 Ohio St.3d 323, 325-326, 865 N.E.2d 853, 857 (Ohio 2007). Pursuant to the integration clause in the Contract, the parol-evidence rule dictates in this case that the unambiguous terms of the Contract govern. Even if Ms. Donnelly's contemporaneous understanding was that the Load Port Terms were fully integrated and that they would govern the parties' agreement, her understanding in 2004 cannot change the unambiguous terms of the Contract. This Court should strike Ms. Donnelly's affidavit as an attempt to introduce extrinsic evidence that contradicts the unambiguous terms of the Contract.

III. CONCLUSION

FOR THE FOREGOING REASONS, Plaintiff's Motion to Strike the affidavit of Allison Donnelly is well-taken and should be GRANTED.

Respectfully submitted,

DINSMORE & SHOHL LLP

/s/ William M. Mattes
William M. Mattes (0040465)
Adam R. Todd (0077284)
175 South Third Street, 10th Floor
Columbus, OH 43215
Telephone: (614) 628-6880
Facsimile: (614) 628-6890
Email: bill.mattes@dinslaw.com
        adam.todd@dinslaw.com

   and

John E. Jevicky (0012702)
1900 Chemed Center, 255 E. Fifth Street
Cincinnati, Ohio 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141
Email: john.jevicky@dinslaw.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was served via the Court's electronic filing system, on this 2nd day of November, 2007, upon the following:

Drew H. Campbell, Esq.
Bricker & Eckler LLP
100 South Third Street
Columbus OH 43215
Attorney for Defendant,
Nova Scotia Power, Inc.

Mark A. Molloy, Esq.
Nixon Peabody LLP
Key Towers at Fountain Plaza
40 Fountain Plaza, Suite 500
Buffalo, NY 14202
Attorney for Defendant
Nova Scotia Power, Inc.

/s/ William M. Mattes
William M. Mattes (0040465)
Adam R. Todd (0077284)

90578_1
35358-1

8