UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE AMERICAN COAL SALES CO., | : | |
| | : | |
| Plaintiff, | : | Case No.: 2:06-CV-0094 |
| | : | |
| v. | : | Judge Holschuh |
| | : | |
| NOVA SCOTIA POWER, INC., | : | Magistrate Judge Abel |
| | : | |
| Defendant. | : | |

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE AFFIDAVIT OF ALLISON DONNELLY

Plaintiff, The American Coal Sales Company ("ACSC"), hereby submits the attached Reply brief in support of its Motion to Strike the Affidavit of Allison Donnelly.

        Respectfully submitted,
        DINSMORE & SHOHL LLP

        /s/ Adam R. Todd
        William M. Mattes (0040465)
        Adam R. Todd (0077284)
        175 South Third Street, 10th Floor
        Columbus, OH 43215
        Telephone: (614) 628-6880
        Facsimile: (614) 628-6890
        Email: bill.mattes@dinslaw.com
                adam.todd@dinslaw.com

        and

        John E. Jevicky (0012702)
        1900 Chemed Center, 255 E. Fifth Street
        Cincinnati, Ohio 45202
        Telephone: (513) 977-8200
        Facsimile: (513) 977-8141
        Email: john.jevicky@dinslaw.com
        *Attorneys for Plaintiff*

# REPLY IN SUPPORT OF MOTION TO STRIKE ALLISON DONNELLY'S AFFIDAVIT

On November 2, 2007, Plaintiff, The American Coal Sales Company ("ACSC"), filed a Motion to strike the affidavit of Allison Donnelly. Despite its best efforts, Defendant, Nova Scotia Power, Inc. ("NSPI"), cannot overcome the three obstacles to submitting new, inconsistent sworn testimony of a witness's interpretation of a legal document, which the Court must construe as a matter of law.

As previously briefed, Ms. Donnelly's affidavit should be stricken for three reasons. First, the testimony in Ms. Donnelly's affidavit is inconsistent with her prior deposition testimony and NSPI failed to prove otherwise in its opposition. Second, the affidavit contains new evidence that NSPI should have presented with its primary memorandum, its Motion for Summary Judgment and Defendant presented <u>no</u> real excuse for its failure to produce the affidavit with its Motion for Summary Judgment. Finally, the Contract at issue was a fully-integrated agreement which the Court must review as a matter of law. Therefore, Ms. Donnelly's opinion about the application of an attachment may not be considered by this Court. For the reasons that follow and those set forth in the ACSC's Motion, the Court should strike Ms. Donnelly's affidavit.

A.   <u>Ms. Donnelly's Affidavit is Contrary to Her Deposition Testimony.</u>

   1.   <u>Ms. Donnelly's affidavit does provide facts as to contract negotiation.</u>

NSPI claims that Ms. Donnelly's affidavit is not inconsistent with her deposition testimony because it "does not provide facts as to her recollection of contract negotiation."[1] In fact, it does. Paragraphs 2, 3 and 4 of the six paragraph affidavit specifically mention contract negotiation. (Aff. Donnelly, ¶¶ 2, 3, 4.) Accordingly, NSPI's legal argument is contrary to the plain words contained in the affidavit.

---

[1] Defendant's Opposition to Plaintiff's Motion to Strike, p. 3.

2

Furthermore, Ms. Donnelly's opinions in her affidavit with regard to the application of the Load Port Terms is inadmissible as it is a legal conclusion on a fully-integrated contract NSPI claims is clear and unambiguous.[2] NSPI claims Ms. Donnelly's affidavit was submitted to set forth proof as to "the application of the Load Port Terms." Any such testimony is an inadmissible legal conclusion,[3] is not reliable,[4] and ACSC hereby objects to admission on that basis as well.

    2.    <u>Ms. Donnelly's Affidavit Directly Contradicts Her Inability to Remember Anything at Deposition.</u>

NSPI agrees with the legal principle that a post-deposition affidavit submitted at the summary judgment stage that contradicts the witness's sworn deposition testimony should be stricken unless the party offering the affidavit provides a persuasive justification for the contradiction. *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 906-908 (C.A.6 Ohio,2006). However, NSPI argues that because Plaintiff's counsel did not ask specific enough questions, Ms. Donnelly's affidavit is not inconsistent with her deposition testimony. That premise, like NSPI's defense, is simply another in a long line of red herrings and half-truths thrust upon this Court. It is a clear from a reading of the entire transcript that Ms. Donnelly's testified that she remembered nothing about the Contract and was unwilling to state anything other than what she could read from the Contract in front of her.

Ms. Donnelly was specifically questioned regarding the Contract the negotiation of specific matters. She repeated several times during her deposition that she did not remember anything about the Contract and could only read directly from it.

For example, Ms. Donnelly could not remember negotiating shipments.

---

[2] Defendant's Opposition to Plaintiff's Motion to Strike, p. 12.
[3] A court properly excludes a witness' testimony when it constitutes a legal conclusion. *Torres v. County of Oakland*, 758 F.2d 147 (C.A.6, Mich.,1985).
[4] *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908 (C.A.6 Ohio,2006) (When a post deposition affidavit attempts to create a sham fact issue, a court should disregard it.)

3

> Q. Separate and apart from that document, I'm just wondering if you had any discussions with anyone from the American Coal Sale Company as to the time that shipments were to occur.
>
> * * *[Inappropriate interruptions by defense counsel] * * *
>
> A. I don't recall any specifics . . .

Dep. Donnelly, pp 9:19 -10:12.

> Ms. Donnelly also could not remember negotiating a delivery schedule.
>
> Q. Did you have an understanding of when deliveries were to be performed when you signed this contract?
>
> A. Not specifically.
>
> * * *
>
> Q. And I'm just trying to get any information that you have regarding when those schedules were to come out.
>
> MR. MOLLOY
>
> I think she's said a couple times that she doesn't know, but - -

Dep. Donnelly, pp: 11:15-12:8. In fact, Ms. Donnelly could not recall the scheduling of deliveries even after being presented with an exhibit, Exhibit 38, regarding the same. Dep. Donnelly, p. 20:10-20:20. She could not remember proposing cargoes or cargo dates. Dep. Donnelly, p. 25:10-16; 27: 4-11.

Similarly, Ms. Donnelly remembered nothing about the negotiation of a guaranty in the Contract.

> Q. Are you aware that there was a Section 13 that dealt with a guarantee?
>
> * * * [inappropriate interruptions by defense counsel] * * *
>
> A. Not specifically, no.

Dep. Donnelly, pp. 24:5 - 24:11.

Marked as Exhibit 67 to Ms. Donnelly's deposition was a copy of an e-mail from Mr. Hollars, an employee of ACSC, regarding the Contract proposal. Ms. Donnelly did not recall receiving it. Dep. Donnelly, p. 21:16-21.

> Q. Do you recall discussing the content of that document with Mr. Hollars?
>
> A. No, I do not.
>
> Q. Do you recall discussing that document with anyone?
>
> \* \* \* [Inappropriate interruptions by counsel] \* \* \*
>
> A. No, I don't recall any specific discussions on this e-mail.

Dep. Donnelly, pp. 21:22 - 22:6. Ms. Donnelly testified that she did not know who created a red-line version of the Contract. Dep. Donnelly, p. 27:12 -27:15.

She could not remember any specifics about transferring the file to a colleague (Barry Fiolek) when she left for maternity leave.

> Q. Okay. And do you recall any discussions that you had with Barry in the transition period that relate to the American Coal Sales contract?
>
> A. No, not specifically.

Dep. Donnelly, pp. 12:19.

Similarly, although she recalled meeting Mr. Murray of ACSC, she stated, "I recall [having] a meeting. I don't recall specific point-by-points." Dep. Donnelly, p. 13:4.

Furthermore, Ms. Donnelly testified that she had no recollection of involvement with the Plaintiff after the contract was signed either.

> Q. Okay. So after the contract was signed, you don't recall having any involvement at all with the American Coal Sales Company - -

MR. MOLLOY

Objection.

5

> Q. - - in relation to this contract.
>
> A. Not that I recall.

Dep. Donnelly, pp. 18:22-19:4.

*Most significantly*, Ms. Donnelly could not recall specifics about the parties' negotiation of the *force majeure* term contained in paragraph 11 of the Contract. Dep. Donnelly, pp. 22:7 - 23:16.

> Q. Okay. As to the force majeure, it appears that Mr. Hollars is asking for an insert of the word "commercially" before "reasonable." Is that correct?
>
> A. In Section 11, force majeure, add the word, "commercially" prior to "reasonable endeavors."
>
> Q. Just take a quick look back at Plaintiff's Exhibit 6. I didn't see that word inserted there. Did you?
>
> \* \* \* [inappropriate interruptions by defense counsel] \* \* \*
>
> A. No, it does not.
>
> Q. Okay. Was there a reason that was not put in?
>
> A. I don't recall the specific reason.
>
> Q. Do you recall any discussions on inserting the word, "commercially"?
>
> A. No.

Dep. Donnelly, 22:7 -23:16.

On the other hand, in her affidavit, which was obviously drafted by defense counsel in an attempt to support NSPI's Motion for Summary Judgment, Ms. Donnelly testified that NSPI believed the *force majeure* provision in the Load Port Terms would apply, based on contract negotiations. Ms. Donnelly recalled nothing about the specifically negotiated *force majeure* term in the parties' contract at her deposition. Yet in her affidavit, drafted almost a year after her deposition and three years post contract negotiation, she is certain that a mere attachment to the contract, the rules and regulations for the CNX Marine Terminal at Baltimore, which she had no part in drafting,

6

superseded the parties' own Contract and controlled all *force majeure* situations. The affidavit, which provides unequivocal testimony regarding what NSPI believed about the parties' rights and obligation in the event of a *force majeure*, is completely contrary to Ms. Donnelly's deposition testimony that she could recall nothing specific about the Contract. The law precluding a post-deposition affidavit that contradicts prior sworn testimony mandates this Court strike Ms. Donnelly's affidavit for its glaring inconsistencies. *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d at 906-908.

NSPI's argument that the affidavit is consistent with Ms. Donnelly's deposition testimony is patently false. The affidavit must be stricken because it is inconsistent with prior testimony pursuant to the law set forth in *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, *supra*.

B. <u>Ms. Donnelly's Affidavit is Parol Evidence That Must Not Be Considered.</u>

Next, NSPI argues that Ms. Donnelly's affidavit is not parol evidence and may be considered by the Court. NSPI talks out of both sides of its mouth when it argues that the Contract is clear and ambiguous, but asserts that Ms. Donnelly's affidavit is needed to explain it. (NSPI's Opposition to Plaintiff's Motion to Strike, p. 12.) It is true that the Court is permitted to look to extrinsic evidence to ascertain the intent of the parties when a contract is ambiguous or requires interpretation. *S. Rosenthal & Co. , Inc. v. Hantscho, Inc.*, 961 F.2d 1579 (C.A.6 Ohio, 1992). But NSPI has not offered Ms. Donnelly's affidavit to shed light on the parties intentions. Notwithstanding NSPI's contentions, Ms. Donnelly's affidavit is obviously an attempt to manufacture evidence to support the legal theory asserted in NSPI's Motion for Summary Judgment -- that the Load Port Terms apply.[5] The affidavit must not be considered as it is inadmissible parol evidence. *Hawley v. Dresser Industries, Inc.*, 738 F.Supp. 243 (S.D. Ohio, 1990) (The "parol evidence rule" bars extrinsic evidence regarding a contract when the parties have reduced an agreement to writing).

---

[5] As discussed above, Ms. Donnelly's affidavit reaches a legal conclusion, asserting that the Load Port Terms, an attachment to the Contract, control over the clear and unambiguous *force majeure* term negotiated and expressed in the fully-integrated Contract.

7

C.   <u>Ms. Donnelly's Affidavit Was Not Presented to Rebut Specific Assertions Raised by ACSC.</u>

NSPI asserted in its opposition to ACSC's Motion to Strike the Affidavit of Allison Donnelly that the affidavit was presented to rebut specific allegations made by ACSC. That is not the case. The affidavit was not presented to rebut a position of ACSC, but to advance the argument NSPI made in its primary memorandum: that an attachment to the Contract, the "Load Port Terms," controlled over the negotiated terms of the Contract. In its Motion for Summary Judgment, NSPI clearly advanced its theory that the Load Port Terms, governed the parties' obligations after ACSC's declaration of *force majeure*.

An affidavit presented with a movant's reply brief to explain the contract's terms is inappropriate under Rule 7.2(d) unless it is limited to rebut positions made in opposition to summary judgment. *Brantley v. Cinergy Corp.*, No. C-1-01-378, 2006 WL 314494, S.D. Ohio (Feb. 9, 2006, unreported).

> When proof of facts not already of record is necessary to support or oppose a motion, all evidence then available shall be discussed in, and submitted no later than, the primary memorandum of the party relying upon such evidence. <u>Evidence used to support a reply memorandum shall be limited to that needed to rebut the positions argued in memoranda in opposition</u>.

S.D. Ohio Civ. R. 7.2(d) (emphasis supplied).

As such, NSPI was required to submit Ms. Donnelly's affidavit with its Motion for Summary Judgment pursuant to S.D. Ohio Civ. R. 7.2(d). It was improper to present evidence supporting a proposition advanced in its Motion for Summary Judgment in a Reply to which ACSC was not afforded a response. Merely because ACSC opposed NSPI's Motion for Summary Judgment does not make Ms. Donnelly's affidavit proper. To accept NSPI's interpretation of S.D. Ohio Civ. R. 7.2(d) would negate its purpose. The purpose of Rule 7.2(d ) is to "prevent the moving party from springing new facts on the nonmoving party when it is too late to contest them." *Owner-Operator*

*Indep. Drivers Ass'n v. Arctic Express, Inc.*, 288 F.Supp.2d 895, 903 (S.D. Ohio, 2003) (interpreting both Federal Rule of Procedure 6 and the predecessor to Local Rule 7.2(d)) (citing *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 476 (C.A.6 Ohio, 2002)). Ms. Donnelly's affidavit was not submitted to rebut ACSC's allegations, but instead, to bolster the assertions NSPI originally made in its Motion for Summary Judgment. Thus, Ms. Donnelly's was improperly submitted with NSPI's Reply memorandum and should be stricken in according with the local rules and cases interpreting the same.

III. CONCLUSION

Despite NSPI's best efforts to overcome the legal obstacles to the admission of Ms. Donnelly's affidavit, it should be abundantly clear that it is inadmissible as it is contrary to her deposition testimony, was required to be submitted with NSPI's Motion for Summary Judgment, and impermissibly provides parol evidence regarding a fully-integrated contract.

FOR THE FOREGOING REASONS, Plaintiff's Motion to Strike the affidavit of Allison Donnelly is well-taken and should be GRANTED.

> Respectfully submitted,
> DINSMORE & SHOHL LLP
>
> /s/ Adam R. Todd
> William M. Mattes (0040465)
> Adam R. Todd (0077284)
> 175 South Third Street, 10th Floor
> Columbus, OH 43215
> Telephone: (614) 628-6880
> Facsimile: (614) 628-6890
> Email: bill.mattes@dinslaw.com
> adam.todd@dinslaw.com
>
> and
>
> John E. Jevicky (0012702)
> 1900 Chemed Center, 255 E. Fifth Street
> Cincinnati, Ohio 45202
> Telephone: (513) 977-8200
> Facsimile: (513) 977-8141

Email: john.jevicky@dinslaw.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was served via the Court's electronic filing system, on this 7th day of December, 2007, upon the following:

Drew H. Campbell, Esq.
Bricker & Eckler LLP
100 South Third Street
Columbus OH 43215
*Attorney for Defendant,*
*Nova Scotia Power, Inc.*

Mark A. Molloy, Esq.
Nixon Peabody LLP
Key Towers at Fountain Plaza
40 Fountain Plaza, Suite 500
Buffalo, NY 14202
*Attorney for Defendant*
*Nova Scotia Power, Inc.*

/s/ Adam R. Todd_____
William M. Mattes (0040465)
Adam R. Todd (0077284)